UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASEY L. JONES,

    Plaintiff,

v.

MEDILODGE GROUP, INC., et al.,

    Defendants.
_____/

Hon. Jane M. Beckering

Case No. 1:24-cv-721

**REPORT AND RECOMMENDATION**

On July 30, 2024, after reviewing Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), I issued an order directing Plaintiff to file an amended complaint within 14 days, as her original complaint failed to state a valid claim. (ECF No. 6.) In the July 30 Order, I explained that Plaintiff did not properly allege a constitutional violation under 42 U.S.C. § 1983 because none of the Defendants is a state actor. (*Id.* at PageID.40–41.) I further noted that, although Plaintiff's claim appeared to be one for discrimination under Title VII, her claim failed under the *Twombly/Iqbal* pleading standard as nothing in the complaint indicated that her race or sex impacted the decision of Defendant Medilodge Group, Inc., to terminate Plaintiff's employment. (*Id.* at PageID.41–42.) Finally, I noted that Plaintiff could not assert a Title VII claim against Defendants Damveld, Andrews, and Brandon (last name unknown) because they did not qualify as Plaintiff's employer under Sixth Circuit precedent. (*Id.* at PageID.6.)

Plaintiff's amended complaint, filed on August 19, 2024, does not cure the pleading deficiencies identified in the July 30 Order. Plaintiff asserts First Amendment retaliation claims against Defendants Damveld and Andrews "based o[n] her grievance and complaint against foodservice supervisor [Brandon] for harassment and discrimination." (ECF No. 7 at PageID.47.)

As previously explained, Plaintiff may not assert a claim against these individuals under Section 1983 because they are not state actors. Finally, as for her deficient Title VII claim, Plaintiff still has not alleged sufficient facts in her amended complaint to raise an inference that Medilodge terminated her employment or took any other adverse action against her because of her race or sex.[1]

Accordingly, I recommend that the Court dismiss this action because Plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

## Conclusion

For the reasons set forth above, I recommend that the Court dismiss this action for failure to state a claim upon which relief may be granted.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis

---

[1] Although Plaintiff now refers to retaliation, her claim cannot reasonably be construed as a retaliation claim under Title VII. She does not allege that retaliation occurred because she filed a discrimination complaint with the Equal Employment Opportunity Commission or the Michigan Department of Civil Rights or otherwise participated in any manner in Title VII proceedings. In addition, she did not engage in activity that could reasonably be construed as activity under Title VII's opposition clause, 42 U.S.C. § 2000e-3(a), prohibiting discrimination because an employee "has opposed any practice made an unlawful employment practice by this subchapter . . . ." *See Vargas v. Dillard's Dep't Store*, No. 3:07-0737, 2008 WL 2279929, at *12 (M.D. Tenn. May 30, 2008) ("Vague complaints of wrongful conduct or complaints which do not specifically complain about unlawful activity are simply insufficient to constitute protected activity.").

for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.


Date:  August 21, 2024               /s/ Sally J. Berens
                                                                                          SALLY J. BERENS
                                                                                          U.S. Magistrate Judge


OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).